# IN THE COURT OF APPEALS OF IOWA

No. 23-1556
Filed February 5, 2025

**STATE OF IOWA,**
Plaintiff,

**vs.**

**IOWA DISTRICT COURT FOR JASPER COUNTY,**
Defendant.
_____

Certiorari to the Iowa District Court for Jasper County, Brad McCall, Judge.

The State petitioned for certiorari, challenging a district court order granting postconviction relief by holding the Iowa Department of Corrections' seizure of a nude drawing from an inmate was an improper deprivation of property. **WRIT SUSTAINED.**

Brenna Bird, Attorney General, Christine A. Louis, Assistant Attorney General (until withdrawal), and Alexa S. Den Herder, Assistant Solicitor General, for plaintiff.

Nathaniel Crow, Newton, self-represented petitioner.

Considered by Greer, P.J., Chicchelly, J., and Bower, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**BOWER, Senior Judge.**

The State petitioned for certiorari, challenging a district court order overturning an administrative law judge's (ALJ) determination the Iowa Department of Corrections (IDOC) did not improperly deprive inmate Nathan Crow of his property by seizing a nude drawing. The State claims the district court erred by applying an injunction issued by the Polk County District Court in separate litigation to Crow's privately created drawing. Upon our review, we conclude the district court erred by overturning the ALJ's determination. Accordingly, we sustain the writ of certiorari.

## I.    *Background Facts and Proceedings*

Crow was previously convicted of third-degree sexual abuse. He is serving a ten-year sentence at the Newton Correctional Facility. In April 2023, an officer conducted a search of Crow's prison cell, seizing several items. The issue here relates to the officer's seizure of Crow's drawing of a nude woman with her legs spread apart.[1]

The department charged Crow with violating rule 16(r) of the department's disciplinary rules, which prohibits inmates from possessing "publications, photographs or drawings that feature nudity or have sexually explicit visual content." The matter proceeded to an administrative hearing. Crow claimed he was entitled to possess the drawing under the First Amendment and due to an injunction issued in *Gregory v. State*, No. CVCV057085 (Polk Cnty. Dist. Ct. Apr. 3,

---

[1] As the State accurately describes, the drawing depicts "a nude woman with her breasts, nipples, vulva, and clitoris showing. The drawing is in black and white, except for the vulva and clitoris, which are pink."

2019), in which inmates at the Anamosa State Penitentiary sought a declaratory ruling claiming their First Amendment rights were violated by Iowa Code section 904.310A(1) (2023) (disallowing the use of department funds "to distribute or make available any commercially published information or material to an inmate when such information or material is sexually explicit or features nudity"). The ALJ rejected Crow's claims and imposed one weekend of cell confinement as punishment for Crow's violation of rule 16(r).

Crow then filed an application for postconviction relief, challenging the ALJ's determination. The district court reversed. The court found Crow's drawing "was 'non-sexually explicit, nudity' of the type [the department] was enjoined in [*Gregory*[2]] from taking from inmates." Accordingly, the court determined Crow "was legitimately in possession of the drawing of the nude woman." The court concluded:

> There is absolutely no question the weekend of cell confinement imposed by the ALJ did not amount to denial of a sufficient liberty interest to allow [Crow] relief.[3] The issue remains, however, whether the seizure of the nude drawing was an improper deprivation of property. Particularly in light of the injunction in place against the [department] this Court concludes it was.
> According to the ALJ decision, the items seized from [Crow] were considered to be "contraband" and were to be disposed of "in accordance with the [Newton Correctional Facility (NCF)] contraband policy." The Court has not been provided with the NCF contraband policy. If the drawing continues to exist, the State is hereby directed to return the drawing to the [Crow]. If the drawing was destroyed, [Crow]'s remedy, if any, is beyond the scope of this proceeding.

---

[2] Throughout its ruling, the district court refers to the *Gregory* injunction as the *Gilbert* injunction, a typographical error irrelevant to our review.
[3] *See Kelly v. Brewer*, 239 N.W.2d 109, 113 (Iowa 1976) (upholding solitary confinement for purposes of discipline).

The State petitioned for a writ of certiorari. The supreme court granted the petition.[4] The State also filed a motion to stay enforcement of the district court's order,[5] which the district court granted.

## II.   Standard of Review

We review this certiorari proceeding for correction of errors at law, asking whether the district court acted illegally. *State v. Iowa Dist. Ct.*, 989 N.W.2d 652, 654 (Iowa 2023). "Illegality exists when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law." *Id.* (citation omitted).

## III.   Analysis

The sole issue before us is the legality of the court's application of the *Gregory* injunction to Crow's drawing.[6] We begin and end our discussion with the

---

[4] Crow did not file an appellee brief in this case. Our review is "limited to the issues raised in the State's petition for certiorari and brief, or arguably, an alternative ground to annul the writ if preserved below." *State v. Iowa Dist. Ct.*, No. 22-0984, 2023 WL 3335595, at *1 n.1 (Iowa Ct. App. May 10, 2023).

[5] The State acknowledged, "In an attempt to be fully transparent, . . . the original drawing has been destroyed, but the [State] possesses a clear photograph of the drawing."

[6] At the outset of its brief, the State maintains:

> After the Iowa Supreme Court granted certiorari in this case, the injunction the district court had applied below was dissolved in that separate case, and the statute at issue there declared constitutional. *See Gregory v. State* (Polk County Case No. CVCV057085), D0734, Final Order (04/25/2024). Given this substantial change in circumstance, the State moves for a limited remand to allow the district court to reconsider Crow's application for postconviction relief. With the foundation of the district court's decision now dissolved, that court should get the chance to consider Crow's alternative arguments in the first instance.

Although common sensical, the State offers no legal support for its requested disposition. Moreover, the final order in the *Gregory* proceeding is not part of the record before us. We proceed to address the issue raised on its merits.

wording of the relevant provisions. The *Gregory* inmates alleged section 904.310A violated various constitutional rights in part because it banned material "which [they] may consider as meaningful and beautiful" and they "do not find 'nudity' or anything that is 'sexually explicit' in the context of the arts obscene." Section 904.310A(1) states: "Funds appropriated to the department or other funds made available to the department shall not be used to distribute or make available any commercially published information or material to an inmate when such information or material is sexually explicit or features nudity."

In *Gregory*, the district court examined the administrative definitions of "sexually explicit," "features," and "nudity." *See* Iowa Admin. Code R. 201-20.2(904). The court noted "[i]t is well settled that correctional institutions and prisons may adopt regulations restricting an inmate's access to publications or materials if they are 'reasonably related to legitimate penological interests'" and "there are legitimate governmental interests in limiting inmates' access to sexually explicit material." Ultimately, however, the district court found "in regard to the prohibition of funds for distributing material that features nudity, . . . this prohibition indeed interferes with the constitutional rights of the inmates." For example, the court observed, under the statute and relevant definitions, "a medical journal depicting the human anatomy could be banned." The court therefore ordered the department "shall not prevent the distribution of materials to the Plaintiffs and other inmates similarly situated that features mere, non-sexually explicit, nudity."

As the State correctly points out, the *Gregory* injunction related to "commercially published" material. *See* Iowa Code § 904.310A(1). Here, Crow's drawing was confiscated under the department's disciplinary rule 16(r). As applied

to Crow, rule 16(r) prohibits inmates from possessing "drawings that feature nudity or have sexually explicit visual content."  In short, the *Gregory* injunction applied to a different act than the one at issue here.

Because Crow's private drawing is not "commercially published" material, the *Gregory* injunction did not apply to Crow's claim.[7]  The district court therefore erred in reversing the ALJ's determination the department did not improperly deprive Crow of property.  Accordingly, we sustain the writ of certiorari.

**WRIT SUSTAINED.**

---

[7] In light of our resolution on this issue, we need not reach the State's alternative argument the injunction does not apply to Crow "because Crow is not similarly situated to the prisoners in *Gregory*" as "Crow is housed at NCF, which houses Iowa's Sex Offender Treatment Program."  We also decline to consider Crow's claim the department violated his First Amendment rights by confiscating his drawing because the district court did not reach the issue.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("[I]ssues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").